UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR R. DELEON, <br>             Plaintiff, <br> v. <br> AMYLIN PHARMACEUTICALS, INC., *et al.*, <br>             Defendants. | Civil No. 08cv1651-L(CAB) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

    Defendant Eli Lilly and Company ("Ely Lilly") removed this product liability and negligence action from State court. Its notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff filed a motion to remand arguing that Eli Lilly failed to establish that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. For the reasons which follow, Plaintiff's motion is **GRANTED**.

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380; *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Abrego Abrego*, 443 F.3d at 690, quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

As required by California Code of Civil Procedure Section 425.10(b), the complaint does not state the amount of damages requested, but merely states that it is an unlimited civil case which exceeds $25,000. Plaintiff sued Eli Lilly and Amylin Pharmaceuticals, Inc. for negligence and products liability. He alleged he was injured by Defendants' pharmaceutical product, Byetta, and that Defendants should have known "that Byetta could cause or contribute to the development of pancreatitis." (Compl. at 5.) He alleged he suffered wage loss, hospital and medical expenses, general damage and loss of earning capacity in unspecified amounts. He requested compensatory damages according to proof. The complaint does not allege whether Plaintiff in fact developed pancreatitis.[1] Based on the foregoing, it is not "facially apparent" from the complaint whether the jurisdictional amount is in controversy. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (when the complaint falls short of seeking the threshold amount, it is not facially apparent that the amount in controversy requirement has been met.)

When a plaintiff does not specify the amount of damages, the court looks beyond the complaint to determine whether the suit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007); *Abrego Abrego*, 443 F.3d at 690. In such cases, "the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In its notice of removal Eli Lilly argued that the jurisdictional amount is met because Plaintiff suffered pancreatitis and alleged wage loss, hospital and medical expenses, general damages and loss of earning capacity. (Notice of Removal at 5.) The court disagrees. These allegations are not sufficient to show that it is more likely than not that Plaintiff's damages

---

[1] In a press release Plaintiff's counsel stated that Plaintiff was hospitalized after developing pancreatitis. (Notice of Removal Ex. D.)

exceed $75,000.  If the removing party's "allegations of jurisdictional facts are challenged . . ., he must support them by competent proof." *Gaus*, 980 F.2d at 567.  Eli Lilly's conclusory assertions "neither overcome[] the 'strong presumption' against removal jurisdiction, nor satisf[y its] burden of setting forth, in the removal petition itself, the *underlying facts* supporting the assertion that the amount in controversy exceeds [the jurisdictional requirement]." *Id.* (quotation marks omitted, emphasis in original).

In opposition to Plaintiff's motion to remand, Eli Lilly submitted additional evidence.  The court can construe the opposition as an amendment to the notice of removal.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

First, Eli Lilly points to the information obtained in jurisdictional discovery.  Plaintiff produced records showing he incurred $23,632.75 in medical expenses while he was hospitalized for four days, he had no information indicating any need for future medical care, he incurred no lost wages and had no information indicating that he may lose any wages in the future.  (Opp'n at 1; Decl. of David E. Stanley in Opp'n to Mot. to Remand ("Stanley Decl.") Ex. A.)  Eli Lilly argues that Plaintiff cannot attempt to defeat federal jurisdiction by abandoning certain categories of damages after removal.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).  Accepting *arguendo* Ely Lilly's argument that Plaintiff's future medical expenses and his past and future lost wages amount to more than zero, the evidence by itself is insufficient to show that amount in controversy is more likely than not to exceed $75,000.

Second, Eli Lilly argues that Plaintiff's general damages more likely than not exceed the difference between his medical expenses and lost wages on one hand and $75,000 on the other.  This is based on a theoretical argument that general damages often exceed special damages and on a statement made by the Hon. Cathy Ann Bencivengo in the Order Granting Defendant's Motion for Pre-Remand Jurisdictional Discovery that the "complaint indicates the amount in controversy will be a significant sum."  Neither of these items, however, is summary-judgment-type evidence required to meet the removing party's burden.  *See Abrego Abrego*, 443 F.3d at 690.

Third, Eli Lilly points to five jury verdicts for personal injury involving pancreatitis where general damages exceeded $75,000.  In *Kroske v. U.S. Bank Corp* the court noted that it was appropriate for the district court to consider "emotional distress damage awards in similar age discrimination cases in Washington."  432 F.3d 976, 980 (9th Cir. 2006).  In that case, the plaintiff worked and suffered her allegedly wrongful termination in Washington.  *Id*. at 979.  Here, Plaintiff suffered his injury in Virginia.  (*See* Compl. at 5; Stanley Decl. Ex. A (medical records).)  None of the jury verdicts presented by Eli Lilly is from Virginia.  More importantly, there is no indication that the verdicts come from similar pancreatitis cases.  Plaintiff was hospitalized for only four days and his past medical expenses of $23,632.75 are relatively low.  This suggests that Plaintiff was not as severely injured as plaintiffs in the verdicts selected by Eli Lilly.  While the court accepts the premise that general damages in pancreatitis cases can exceed the jurisdictional amount, Ely Lilly has not presented sufficient evidence to show that it is more likely than not that the jurisdictional amount is met in this case.

Last, Eli Lilly points to Plaintiff's refusal to stipulate that this case meets the amount in controversy.  This argument is unavailing.  Even where the jurisdictional allegations are not challenged by the opposing side, "the court may still insist that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence.*"  *Gaus*, 980 F.2d at 567 (emphasis in original); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  A stipulation would therefore not have relieved Ely Lilly of its burden.  Furthermore, "it is well established that the plaintiff is master of [his] complaint and can plead to avoid federal jurisdiction."  *Lowdermilk*, 479 F.3d at 998-99  (internal quotation marks and citations omitted).

Defendant has failed to meet its burden of establishing removal jurisdiction.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the

/ / / / /

case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: July 2, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL